UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff-Respondent,<br><br>      v.<br><br>KEVIN BROOKS McCLINTON,<br><br>           Defendant-Petitioner.<br>_____ | CR 03-496-1-RE<br>CV 07-70016-RE<br><br>OPINION AND ORDER |

REDDEN, Judge:

For the reasons below, Petitioner Kevin Brooks McClinton's: (1) Motion (doc. 207) to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 is DENIED; (2) Amended Motion (doc. 218) to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 is GRANTED in part, and DENIED in part; and (3) Petition (doc. 233) to Vacate Order of Restitution is GRANTED, subject to the conditions set forth below.

**Background**

PAGE 1 - OPINION AND ORDER

On August 26, 2005, defendant Kevin Brooks McClinton pleaded guilty to one count of armed bank robbery in violation of 18 U.S.C. § 2113(a) & (d). The remaining seven counts against him were dismissed.

On January 19, 2006, the court sentenced McClinton to 180 months imprisonment. At sentencing, I found that he was a career offender within the advisory guideline range of 188-235 months. I departed downward from the guideline range to account for McClinton's personal struggles and his "very difficult life." See Jan. 19, 2006 Sentencing Tr., at 6:11-7:6; and Jan. 20, 2006 Findings of Fact Order, at 2. Although the court's written judgment included a 5-year term of supervised release, the court inadvertently omitted the supervised release term from its oral pronouncement of sentence.

On June 5, 2007, McClinton filed a Motion (doc. 207) to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 ("2255 Motion"), asserting that his trial counsel provided ineffective assistance of counsel by failing to present mitigating psychiatric evidence (*e.g.*, his history of childhood abuse, mental illness, and likelihood of rehabilitation) at sentencing. On July 10, 2007, McClinton submitted a psychological evaluation under seal.

On December 12, 2007, McClinton filed an Amended 2255 Motion (doc. 218), again asserting that his counsel provided ineffective assistance of counsel by failing to obtain a psychological evaluation prior to sentencing. In the Amended 2255 Motion, McClinton also alleged that his trial counsel was constitutionally ineffective for failing to file a motion to correct the written order of judgment to conform with the oral pronouncement of his sentence.

On July 28, 2008, McClinton filed a *pro se* Petition (doc. 233) to Vacate Order of Restitution. McClinton argues that the court's order of restitution improperly delegates to the

PAGE 2 - OPINION AND ORDER

Bureau of Prisons responsibility for devising a payment schedule.

On August 13, 2008, pursuant to the parties' oral agreement, the court held a re-sentencing hearing. McClinton waived personal appearance at re-sentencing and agreed to proceed *via* telephone. After reconsidering the advisory sentencing guideline range and the factors provided in 18 U.S.C. § 3553(a), I reimposed the 180 month sentence and the restitution ordered in McClinton's original judgment. Additionally, I orally imposed a five-year term of supervised release.

## Discussion

To prevail on a claim of ineffective assistance of counsel, a defendant must show that: (1) his counsel's performance was deficient; and (2) the deficient performance prejudiced the defense (*i.e.*, counsel's errors were so serious as to deprive the defendant of a fair and reliable trial). Strickland v. Washington, 466 U.S. 668, 687-690 (1984). To establish deficient performance of counsel, the defendant must demonstrate that counsel not only committed errors, but the performance fell below an objective standard of reasonableness. Id. To establish prejudice, a defendant must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. There is a strong presumption that counsel's conduct falls within the wide range of professionally competent assistance. Id. at 689.

Here, trial counsel's failure to obtain a psychological evaluation prior to sentencing was not ineffective assistance of counsel. Defendant's argument that his sentence might have been more favorable if trial counsel had obtained a psychological evaluation is speculative. Indeed, the psychiatric evaluation McClinton submitted in support of the 2255 Motion does not contain

PAGE 3 - OPINION AND ORDER

any new evidence that was not available to the court at the time of his original sentencing. The pre-sentence report, the sentencing transcript, and the letters and argument submitted by McClinton at sentencing make clear that the court did consider defendant's history of depression, his childhood abuse, and his desire to rehabilitate himself at sentencing. In fact, the court departed downward from the advisory guideline range based, in part, on McClinton's history of depression and his "very difficult life." This is exactly the type of mitigating evidence that McClinton contends that his trial counsel failed to proffer. In any event, I did consider the psychological evaluation submitted under seal in re-sentencing McClinton. As such, McClinton's first claim of ineffective assistance is without merit.

Turning to McClinton's second claim for relief, review of the sentencing transcript confirms that the court inadvertently omitted the five-year term of supervised release from the oral pronouncement of his sentence. The government apparently concedes that trial counsel's failure to file a motion to correct the written judgment to conform with the oral pronouncement of sentence was prejudicial error. As such, McClinton's 2255 motion is GRANTED to the extent that he seeks re-sentencing. The motion is DENIED insofar as he contends that the term of supervised must be deleted. The record makes clear that the court inadvertently omitted the term of supervised release at McClinton's original sentencing. The term of supervised release was included as part of the pre-sentence report and the court's written judgment. The court's mistake is not a basis for deleting the term of supervised release.

After careful consideration of McClinton's Petition to Vacate Restitution, I included the following language in my pronouncement of McClinton's sentence:

> Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary

PAGE 4 - OPINION AND ORDER

penalties, including restitution, shall be due during the period of imprisonment as follows: (1) 50% of wages earned if the defendant is participating in a prison industries program; (2) $25 per quarter if the defendant is not working in a prison industries program.

It is ordered that resources received from any source, including inheritance, settlement or any other judgment, shall be applied to any restitution or fine still owed, pursuant to 18 U.S.C. § 3664(n).

Accordingly, the Petition to Vacate Restitution is GRANTED, subject to the above conditions.

## Conclusion

For the reasons set forth above, Petitioner's original Motion (doc. 207) to Vacate or Correct Sentence under 28 U.S.C. § 2255 is DENIED. The Amended Motion (doc. 218) to Vacate or Correct Sentence under 28 U.S.C. § 2255 is GRANTED in part, and DENIED in part. The Petition (doc. 233) to Vacate Order of Restitution is GRANTED, subject to the above-mentioned conditions.

IT IS SO ORDERED.

DATED this  20th  day of August, 2008.

/s/ James A. Redden
James A. Redden
United States District Judge